UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAYNE CARROLL, | CASE NO. CV 19-8519-SJO (PJW) |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |
| v. | |
| WARDEN JARED LOZANO, ET AL., | |
| Respondents. | |

On September 27, 2019, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 1999 state conviction and life sentence as well as the conditions of his confinement.[1] From the face of the Petition, it appears that his claims are either unexhausted or not cognizable in federal habeas corpus proceedings. As such, absent further explanation from Petitioner, the Petition will be dismissed, as follows.

In his fifth and sixth claims, Petitioner contends that the prison's monitoring of interactions between him and medical staff

---

[1] In 2017, Petitioner filed a habeas corpus petition challenging the state court's denial of his petition for resentencing pursuant to state Proposition 36, which the Court denied without prejudice for failure to exhaust. (March 17, 2017 Order, *Tremayne v. State of California*, CV 17-878-SJO (PJW).)

violates his right to confidentiality under the Health Insurance Portability and Accountability Act and that the prison has retaliated against his reporting of prison employee sexual misconduct by subjecting him to administrative segregation and "physical/sexual abuse and/or harassment" by prison staff. (Petition at 7, 8.) These claims do not implicate Petitioner's incarceration or sentence but, instead, the conditions of his confinement. A habeas corpus petition is not the proper vehicle for raising such claims. The purpose of habeas corpus is to attack the legality of a conviction or sentence. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973); cf. *Douglas v. Jacquez*, 626 F.3d 501, 504 (9th Cir. 2010) ("A habeas court has the power to release a prisoner, but has no other power.") (citation omitted).

Prisoners wishing to challenge the conditions of their confinement must file a civil rights action pursuant to 42 U.S.C. § 1983. *See, e.g., Ramirez v. Galaza*, 334 F.3d 850, 858-59 (9th Cir. 2003) ("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."). For this reason, these claims must be dismissed without prejudice to raising them in a civil rights complaint in the district where the complained-about prison actions occurred.

As to his other claims, Petitioner contends that he should not have been sentenced as a three-striker in 1999 because two of his prior strikes were incurred from one juvenile conviction and because the bar on mandatory life-without-parole sentences for juveniles set forth in *Miller v. Alabama*, 567 U.S. 460 (2012), should apply to him. (Petition at 5.) He also contends that he is entitled to relief under

California Senate Bill 1437, which was signed into law in September 2018, because he was convicted as an aider-and-abettor. (Petition at 5.) Additionally, he contends that his petition for resentencing pursuant to Proposition 36 was improperly denied based on "false sexual allegations" and "falsified prison RVRs" and that he was denied his right to a fair and impartial Proposition 57 hearing. (Petition at 6.) A search of the California appellate website, at appellatecases.courtinfo.ca.gov, reveals, however, that Petitioner has failed to present any of these grounds for relief to the California Supreme Court.[2]

As a matter of comity between state and federal courts, a federal court generally will not address the merits of a habeas corpus petition unless the petitioner has first exhausted his state remedies, i.e., sought state court review of every ground presented in the petition by presenting it to the highest state court. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Indeed, the law provides that a habeas petition brought by a person in state custody *cannot be granted* "unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must fairly present his contentions to the state courts,

---

[2] It appears that in October 2015 Petitioner appealed the lower court's denial of his petition for resentencing under Proposition 36 and thereafter filed a petition for review in the California Supreme Court, which was denied in October 2017. The Court of Appeal's decision denying his claims shows, however, that he did not raise any of the instant claims in those proceedings. *See People v. Carroll*, 2017 WL 3224855 (Cal. Ct. App. July 31, 2017).

3

and the highest court of the state must dispose of them on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999). A district court may raise a failure to exhaust *sua sponte*. *Stone v. San Francisco,* 968 F.2d 850, 856 (9th Cir. 1992.)

Petitioner has not raised the four claims challenging his conviction and sentence in the California Supreme Court. As such, the Petition is entirely unexhausted and is subject to dismissal on that basis. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

IT IS THEREFORE ORDERED that, no later than **November 25, 2019**, Petitioner shall inform the Court in writing why this case should not be dismissed for the reasons set forth above. Failure to timely file a response will result in dismissal.

DATED: October 24, 2019

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\CARROLL, T 8519\OSC dismiss pet.wpd

4