UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TREMAYNE CARROLL, | ) | CASE NO. LA CV 19-8519-VBF (PJW) |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION |
| | ) | WITHOUT PREJUDICE AND DENYING |
| v. | ) | CERTIFICATE OF APPEALABILITY |
| | ) | |
| WARDEN JARED LOZANO, ET AL., | ) | |
| | ) | |
| Respondents. | ) | |

In April 1999, Petitioner was convicted in Los Angeles County Superior Court of grand theft and sentenced to 25 years to life. (See *Carroll v. State of California*, CV 03-9002-SJO, March 30, 2006 Report and Recommendation at 4.) In December 2003, he filed a habeas corpus petition in this court, which was denied in February 2008. (*Carroll v. State of California*, CV 03-9002-SJO, February 5, 2008 Order.) In April 2009, his application for permission to file an appeal was denied by the Ninth Circuit. In September 2019, Petitioner filed the instant habeas petition, in which he appears to challenge his 1999 life sentence as well as the conditions of his current confinement.[1]

---

[1] In 2017, Petitioner filed a habeas corpus petition challenging the state court's denial of his petition for resentencing pursuant to state Proposition 36, which the Court denied without prejudice for failure to exhaust. (*Tremayne v. State of California*, CV 17-878-SJO

Upon screening the petition, it was clear that his claims were either unexhausted or not cognizable in federal habeas corpus proceedings. As a result, the Court issued an Order to Show Cause, giving Petitioner an opportunity to explain why his case should not be dismissed. Petitioner filed a response, in which he alleged that he has been falsely labeled a sex offender in prison and has been subjected to various types of mistreatment as a result, including sexual assault. For the following reasons, the Petition is dismissed without prejudice.

Petitioner has raised six claims. In claims one through four, he contends that he should not have been sentenced as a three-striker in 1999 because two of his prior strikes were incurred in one juvenile conviction and because the Supreme Court in *Miller v. Alabama*, 567 U.S. 460 (2012), barred mandatory life-without-parole for juveniles. (Petition at 5.) He also contends that he is entitled to relief under California Senate Bill 1437, which was signed into law in September 2018, because he was convicted as an aider-and-abettor. (Petition at 5.) Additionally, he contends that his petition for re-sentencing pursuant to Proposition 36 was improperly denied based on "false sexual allegations" and "falsified prison RVRs" and that he was denied his right to a fair and impartial Proposition 57 hearing. (Petition at 6.)

A search of the California appellate website, at appellatecases.courtinfo.ca.gov, reveals, however, that Petitioner has failed to present any of these grounds for relief to the California Supreme Court, which is a prerequisite to pursuing these claims in

---

(PJW), March 17, 2017 Order.)

federal court.[2]  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999); *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982); 28 U.S.C. § 2254(b)(1).

In his fifth and sixth claims, Petitioner contends that the prison's monitoring of interactions between him and medical staff violates his right to confidentiality under the Health Insurance Portability and Accountability Act and that the prison has retaliated against his reporting of prison employee sexual misconduct by subjecting him to administrative segregation and "physical/sexual abuse and/or harassment" by prison staff. (Petition at 7, 8.)  These claims do not go to the propriety of Petitioner's incarceration or sentence but, instead, the conditions of his confinement.  Petitioner can only raise them in a civil rights action pursuant to 42 U.S.C. § 1983. *See, e.g., Ramirez v. Galaza*, 334 F.3d 850, 858-59 (9th Cir. 2003) ("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.").  For this reason, claims five and six are dismissed without prejudice to raising them in a civil rights complaint.[3]

---

[2]  It appears that in October 2015 Petitioner appealed the lower court's denial of his petition for resentencing under Proposition 36 and thereafter filed a petition for review in the California Supreme Court, which was denied in October 2017.  The Court of Appeal's decision denying his claims shows, however, that he did not raise any of the instant claims in those proceedings. *See People v. Carroll*, 2017 WL 3224855 (Cal. Ct. App. July 31, 2017).

[3]  The allegations of abuse while in prison that Petitioner sets forth in his Response to the Order to Show Cause must also be raised, if it all, in a civil rights complaint.

Because Petitioner has not presented claims one through four to the California Supreme Court, it follows that the Petition is entirely unexhausted and is subject to dismissal on that basis. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Further, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right or that the Court erred in its procedural ruling and, therefore, a certificate of appealability will not issue in this action. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

Dated: June 1, 2020

*/s/ Valerie Baker Fairbank*
_____
VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE